956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stacia Lee SUMWALT; David Randall Jenkins, Appellants,
v.
EQUITY SECURITIES; University of Arizona; Greg M. Oester, Appellees,
Fred T. Boice, in his official capacity as trustee in
bankruptcy, Trustee-Appellee.
 No. 91-15280.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided March 2, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stacia Sumwalt (Sumwalt) and her husband David Jenkins (Jenkins) appeal the district court's dismissal of their bankruptcy appeal as moot. Appellants seek to challenge a bankruptcy court order approving the sale of their University of Arizona football and basketball tickets. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 This appeal concerns athletic tickets that, according to appellants, are "virtually irreplaceable and are highly coveted in the Tucson community." Bankruptcy Court Judge Lawrence Ollason, who oversees Jenkins' Chapter 11 case, believed that a bankrupt should not "be sitting in the first row of the basketball arena when the tickets are going for $5,000 a pop" and ordered the trustee to sell the tickets at auction.
 
 
 4
 Sumwalt and Jenkins vigorously opposed this sale. Sumwalt sought to disqualify the bankruptcy judge for personal bias and prejudice based on the above remark and petitioned the district court for a writ of prohibition to stop the sale. Jenkins also filed a motion to disqualify Judge Ollason for bias, and moved the district court to withdraw its reference to the bankruptcy court. Sumwalt and Jenkins appealed the bankruptcy court order authorizing the sale and applied for a stay from the District Court pending review. When both the stay and the writ of prohibition were denied, Sumwalt and Jenkins sought emergency mandamus relief from this court, which was also denied. The tickets were sold at public auction to Hydro Geo Chem, Inc. for $11,000. The district court subsequently dismissed as moot the appeal challenging the sale.
 
 STANDARD OF REVIEW
 
 5
 The existence of subject matter jurisdiction is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).
 
 DISCUSSION
 
 6
 A. Dismissal as Moot.
 
 
 7
 Under 11 U.S.C. § 363(m), the bankruptcy trustee's sale of property to a good faith purchaser cannot be invalidated on appeal unless the sale was stayed pending appeal. 11 U.S.C. § 363(m). When the debtor fails to obtain a stay, we have consistently held that the mootness rule precludes a subsequent challenge to the sale of property. In re Mann, 907 F.2d 923, 926-28 (9th Cir.1990); In re Onouli-Kona Land Co., 846 F.2d 1170, 1172-74 (9th Cir.1988); Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423 (9th Cir.1985). The mootness rule does not apply to cases involving real property subject to a statutory right of redemption where the purchaser is party to the appeal, nor to cases where the purchaser acts in bad faith. In re Onouli-Kona Land Co., 846 F.2d at 1173. The mootness rule also does not apply if the purchaser's interest was expressly conditioned upon the outcome of the appeal. In re CADA Inv., 664 F.2d 1158, 1160 (9th Cir.1981).
 
 
 8
 In addition to these exceptions, the Bankruptcy Appellate Panel held in In re Moberg Trucking Inc., 112 B.R. 362, 363 (Bankr. 9th Cir.1990) that the mootness rule is not applicable "when the Appellant seeks to attack the § 363 sale of estate property on the grounds of improper notice." However, in Moberg the panel declared that in order to void the sale based upon lack of notice, an aggrieved party would have to "commence an adversary proceeding wherein all parties in interest could be joined, in particular, the third party purchaser." Id.
 
 
 9
 None of these exceptions to the mootness rule applies to the present case. Nor do we see any reason to adopt a new general exception to the mootness rule for all cases in which sale of property is challenged on constitutional grounds. According to the appellants, Judge Ollason's failure to disqualify himself and his failure to rule whether the ticket sale was a core or non-core matter violated their due process rights. As this appeal demonstrates, the general exception proposed by the appellants could easily swallow the rule; virtually any dispute could be clothed in constitutional dress.
 
 
 10
 The district court properly dismissed the appeal as moot.[1]
 
 
 11
 B. Sanctions on Appeal.
 
 
 12
 The appellee requests that the appellants be sanctioned for filing a frivolous appeal. See Fed.R.App.P. 38. "An appeal is frivolous when the result is obvious or the appellants' arguments are wholly without merit." Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). While this case is exceedingly close to the border that separates the very imaginative from the frivolous, we have determined that sanctions are not appropriate, and we decline to award them.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court lacks jurisdiction to consider Judge Ollason's failure to recuse himself because this decision was not a final, appealable order, nor did it have any bearing on a final, appealable order. In re Horton, 621 F.2d 968, 970 (9th Cir.1980); Thomassen v. United States, 835 F.2d 727, 732 n. 3 (1987)