Phyllis M. RASKIN, et al., Appellants,

v.

Patrick J. MALLOY, III, and Raskin
Resources, Inc., Appellees.

No. 96–CV–642–H.

United States District Court,
N.D. Oklahoma,
Tulsa Division.

Oct. 17, 1997.

Phyllis Raskin, Tulsa, OK, appellant pro se.

Gregory Raskin, Tulsa, OK, appellant pro se.

Robert Raskin, Tulsa, OK, appellant pro se.

Deborah Raskin, Tulsa, OK, appellant pro se.

Raskin Resources, Inc., Raskin Resources Inc., Tulsa, OK, appellee pro se.

Patrick J. Malloy, III, Tulsa, OK, appellee pro se.

Gary Lee Hobaugh, Richardson & Ward, Tulsa, OK, Gary L. Richardson, an interested non-party, appellee.

## *ORDER*

HOLMES, District Judge.

Before the Court for consideration is the Report and Recommendation of the United States Magistrate Judge (Docket # 9) with respect to the bankruptcy trustee's motion to dismiss the appeal as moot (Docket # 2). Also before the Court is Appellants' application to file an amended designation of record and statement of issues (Docket # 13). Appellants have filed an objection to the Report and Recommendation and the Appellee bankruptcy trustee has responded to Appellants' objection.

When a party objects to the report and recommendation of a Magistrate Judge, Rule 72(b) of the Federal Rules of Civil Procedure provides in pertinent part that:

[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The Magistrate Judge recommended that the Court grant the trustee's motion to dismiss as to all issues except the issue of whether Gary L. Richardson was a good faith purchaser of the Woodland Hills Cinema and the Service Merchandise building located near 71st and Memorial in Tulsa, Oklahoma. The Magistrate Judge directed the parties to further brief the issue of whether Appellants waived their right to appeal Mr. Richardson's lack of good faith by failing to include that issue in the Statement of Issues as required by Rule 8006 of the Federal Rules of Bankruptcy Procedure. At the direction of the Magistrate Judge, Appellants filed a brief requesting leave to amend the Designation of Record and Statement of Issues.

Bankruptcy Rule 8006 states in pertinent part that the appellant shall file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed.R.Bankr.P. 8006. Pursuant to this rule, Appellants listed three issues to be presented on appeal. Appellants now urge the Court to allow three additional issues to be presented on appeal.

However, an issue that is not listed in the Statement of Issues pursuant to Rule 8006 "and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal." *Snap–On Tools, Inc. v. Freeman,* 956 F.2d 252, 255 (11th Cir.1992); *Enterprise Energy Corp. v. United States Internal Revenue Service,* 146 B.R. 106, 110 n. 2 (D.Del.1992) (holding that the court would not consider issues not included in appellant's statement of issues). The Court finds that Appellants' current claim with respect to Mr. Richardson's good faith purchaser status was not listed and is not inferable from their Statement of Issues.

Thus, Appellants' good faith purchaser arguments have been waived and will not be considered on appeal. Accordingly, Appellants' motion to amend the record on appeal is denied.

Based upon a careful review of the Report and Recommendation of the Magistrate Judge, Appellants' objection, and Appellee's response, the Court finds that the Report and Recommendation granting the trustee's motion to dismiss (Docket # 9) should be adopted. Thus, Appellee's motion to dismiss (Docket # 2) is hereby granted. Appellants' application to file an amended designation of the record and statement of issues (Docket # 13) is hereby denied.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION

This is a bankruptcy appeal, centered around the sale of the Woodland Hills Cinema and the Service Merchandise building ("the Property"), located near 71st Street and Memorial in Tulsa, Oklahoma. The Property was sold to Gary L. Richardson for $3,225,000.00. Appellants appeal from the following orders of bankruptcy judge, Stephen J. Covey: (1) order denying Appellants' motion for relief from the order converting Raskin Resources, Inc.'s bankruptcy from a chapter 11 bankruptcy to a chapter 7 bankruptcy, and (2) order denying Appellants' motion to vacate the order approving the sale of the Property to Mr. Richardson.

Now before the Court is Patrick J. Malloy's, the bankruptcy trustee's, motion to dismiss this appeal as moot pursuant to 11 U.S.C. § 363(m). [Doc. No. 2]. For the reasons outlined below, the undersigned recommends that the trustee's motion be *GRANTED IN PART AND DENIED IN PART.*

### I. FACTUAL BACKGROUND

Prior to the underlying bankruptcy proceedings, the Property was owned Appellee, Raskin Resources, Inc. ("Raskin Resources"). Howard Raskin, not a party to this action, was the principal behind Raskin Resources. Appellants were stockholders of Raskin Re-

sources and are the wife and children of Howard Raskin.

Raskin Resources filed a voluntary petition for bankruptcy under chapter 11 of the Bankruptcy Code (i.e., a reorganization) on January 12, 1993. Three years later, on January 19, 1996, Judge Covey, on the trustee's motion, converted Raskin Resources's chapter 11 bankruptcy to a chapter 7 bankruptcy (i.e., a liquidation) based on the inability of Raskin Resources to come up with a reorganization plan. The Property was sold by the bankruptcy trustee as part of Raskin Resources' chapter 7 liquidation on July 16, 1996. Appellants seek to overturn the sale of the Property to Mr. Richardson primarily because they believe that there was a buyer willing to pay more for the Property than Mr. Richardson. Appellants allege that Mark Morrow and David Swezey were ready and willing to pay $3,650,000.00 for the Property (i.e., $425,000 more than Mr. Richardson's offer).

Appellants advance two legal theories for overturning the sale of the Property to Mr. Richardson. First, Appellants argue that they were not given the notice required by Fed.R.Bank.P. 2002 when Judge Covey converted Raskin Resources' chapter 11/reorganization bankruptcy to a chapter 7/liquidation bankruptcy.[1] Appellants argue that failure to provide them with notice of the conversion violated their due process rights under the Fifth Amendment to the United States Constitution. Appellants argue further that the lack of notice to them of the conversion from chapter 11 to chapter 7 deprived Judge Covey of jurisdiction to act and rendered null and void any orders entered after the date of the unlawful conversion.

Second, Appellants argue that Mr. Richardson was not a good faith purchaser. Appellants allege that the trustee hired a Mr. Krissman to market the Property. Appellants allege that Mr. Krissman is Mr. Richardson's property manager. Appellants allege that because Mr. Krissman was acting as the both the trustee's and the buyer's agent with respect to the Property, there was an unlawful conflict of interest. Appellants also allege that Mr. Krissman was aware of the higher bid from Messrs. Morrow and Swezey and Mr. Krissman purposefully failed to present this higher bid in a timely manner to the trustee. Appellants argue that these circumstances prevent Mr. Richardson from being a good faith purchaser.

## II. DISCUSSION

■ The United States Constitution prohibits federal courts from issuing advisory opinions. U.S. Const. art. III, § 2. If it is impossible for an appellate court to grant the relief requested by an appellant, the court would only be able to declare rules of law which would have no practical effect. An appellate court will, therefore, dismiss as moot an appeal in which it cannot grant the relief requested. *In re Osborn,* 24 F.3d 1199, 1203 (10th Cir.1994) (citing *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895); and *Church of Scientology of California v. United States,* 506 U.S. 9, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992)); and *Beattie v. United States,* 949 F.2d 1092, 1093 (10th Cir.1991) (holding that a lack of mootness is a constitutional prerequisite to the jurisdiction of a federal court).

The trustee has moved to dismiss this appeal as moot pursuant to 11 U.S.C. § 363(m).

---

1. Section 1112 of the Bankruptcy Code provides that "on request of ... the United States trustee ..., and after *notice and a hearing,* the court may convert a case under [chapter 11] to a case under chapter 7 ... for cause...." 11 U.S.C. § 1112(b) (emphasis added). To effectuate § 1112's notice requirement, Bankruptcy Rule 2002 provides as follows:

   **Notice to Equity Security Holders.** In a chapter 11 reorganization case, unless otherwise ordered by the court, the clerk, or some other person as the court may direct, shall in the manner and form directed by the court give notice to all equity security holders of ... (4) the hearing on the dismissal or conversion of a case to another chapter....

   Fed.R.Bankr.P. 2002(d)(4). According to N.D.Bankr.LR 2002(c), the bankruptcy court has directed that the party filing a motion to convert a chapter 11 case to another chapter is to give the notice required by Fed.R.Bankr.P. 2002(d)(4). The trustee was, therefore, required to give Appellants notice that he had requested the bankruptcy court to convert Raskin Resources' chapter 11 bankruptcy to a chapter 7 bankruptcy.

The trustee argues that § 363(m) prevents this court from granting the relief Appellants request (i.e., voiding of the sale of the Property). Section 363(m) provides as follows:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this subsection of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale were stayed pending appeal.

11 U.S.C. § 363(m). *See also* 12 O.S. § 774 (which in Oklahoma prevents a court from undoing a sale of property completed in satisfaction of a judgment).

■ The primary purpose of § 363(m) is to protect the finality of bankruptcy sales. Finality is important because it minimizes the chance that purchasers will be dragged into endless rounds of litigation to determine who has what rights in the property. Without the degree of finality provided by [§ 363(m)'s] stay requirement, purchasers are likely to demand a steep discount for investing in the property [of a bankruptcy debtor].

*In re Sax,* 796 F.2d 994, 998 (7th Cir.1986) (internal citations omitted). *See also In re Osborn,* 24 F.3d at 1203 (holding that § 363(m) is designed to "protect the public's interest in finalizing bankruptcy sales to encourage buyers to purchase the debtor's property, to prevent injury to creditors, and to insure that adequate sources of financing remain available ..."); and *In re CF & I Fabricators of Utah, Inc.,* 169 B.R. 984, 991 (D.Utah 1994).

The request for a stay of the sale order is not simply another formality to be observed in perfecting an appeal. A stay serves to maintain the status quo pending appeal, thereby preserving the ability of the reviewing court to offer a remedy and holding at bay the reliance interests in the judgment that otherwise militate against reversal of the sale.... Once the sale has gone forward, the positions of the interested parties have changed, and even if it may yet be possible to undo the transac-

tion, the court is faced with the unwelcome prospect of 'unscrambl[ing] an egg.'

*In re CGI Indus., Inc.,* 27 F.3d 296, 299 (7th Cir.1994) (citations omitted).

■ Section 363(m) only applies where an asset of the bankruptcy debtor has been sold under § 363(a) or (b). If § 363(m) applies to an appeal, it moots that appeal if the remedy being sought by the appellant affects the validity of the bankruptcy sale at issue. Stated differently, even if § 363(m) applies, it will not moot an appeal if state law or the Bankruptcy Code itself provides a remedy which does not affect the validity of the bankruptcy sale at issue. *See In re Osborn,* 24 F.3d at 1203–1204 (holding under the specific facts at issue that the constructive trust law of Texas supplied a remedy which did not affect the validity of the bankruptcy sale). The only remedy which Appellants seek in this case is the voiding of the sale of the Property to Gary Richardson. This is clearly a remedy which would affect the validity of the sale of the Property to Mr. Richardson.

The trustee argues that this appeal is moot because § 363(m) applies and § 363(m) prevents this Court from granting the remedy requested by Appellants. The Court agrees with the trustee that if § 363(m) applies to the issues raised by this appeal, this appeal is moot because § 363(m) would prevent this Court from voiding the sale to Mr. Richardson. The Court must decide, therefore, whether § 363(m) applies to the issues raised by this appeal.

Section 363(m) does not apply to an appeal if the bankruptcy sale at issue was stayed pending appeal. Appellants requested a stay of the sale of the Property from Judge Covey. Judge Covey granted the stay on the condition that Appellants post a $3,225,000.00 supersedeas bond (i.e., a bond in the amount of Mr. Richardson's offer for the Property). Appellants appealed Judge Covey's stay order to this Court and requested this Court to reduce the supersedeas bond amount. Appellants motion was denied in this Court and Judge Covey's original bond amount was left undisturbed. *See Raskin v. Raskin Resources, Inc.,* 96–CV–642 (N.D.Okla. Jul. 15, 1996). Appellants failed to post the required

bond and the sale of the Property was closed July 16, 1996. There was, therefore, no stay of the sale of the Property pending appeal, and absent some exception, § 363(m) applies to this appeal.[2]

## A. *Appellants' Due Process Claims*

■ Because Appellants failed to obtain a stay of the sale pending appeal, the plain language of § 363(m) prevents this Court from voiding the sale of the Property to Mr. Richardson.[3] Appellants argue for an exception to the plain language of § 363(m). Appellants argue that when constitutional rights are at issue (i.e., the right to due process of law), § 363(m) does not apply and an appellate court should review the alleged constitutional violations. Specifically, Appellants argue that this Court must choose between enforcing § 363(m)'s policy of finality and protecting constitutional rights. Appellants argue that "[c]onstitutional considerations make the choice an easy one, namely that constitutional due process and proper notice outweigh any need for expediency." *Appellant's Brief*, p. 4 (emphasis omitted). As support for this argument, Appellants rely primarily on *In re Ex–Cel Concrete Co., Inc.*, 178 B.R. 198 (9th Cir. BAP 1995).

The undersigned does not recommend the adoption of a general exception to § 363(m) for all cases in which the sale of property from a bankruptcy estate is challenged on constitutional grounds. A general "constitutional violation" exception to § 363(m)'s prohibition against voiding a completed bankruptcy sale could easily swallow the rule. Virtually any dispute can be clothed in constitutional dress. *See, e.g., Sumwalt v. Equity Securities*, 1992 WL 38610, at *2 (9th Cir.1992).

In *Sumwalt*, the appellants argued that their due process rights had been violated in connection with the sale of property from

their bankruptcy estate. The appellants' due process arguments were based on the bankruptcy judge's alleged refusal to recuse himself and on the judge's alleged refusal to determine whether the sale at issue was a core or non-core matter. The appellants in *Sumwalt* did not obtain a stay of the sale. The court in *Sumwalt* found appellants' appeal moot, despite the fact that appellants were arguing that their constitutional rights had been violated. *Id.* at *1–2.

■ While the undersigned finds that a general "constitutional violation" exception to § 363(m) is not appropriate, there is one exception based on the lack of notice, which must necessarily be recognized. Section 363(m) permits an interested party to raise on appeal any issues, including alleged constitutional violations, in connection with the sale of property from a bankruptcy estate so long as that party obtains a stay of the sale pending appeal. To exercise its right to appeal, an interested party must have at least some notice that a sale of property from the bankruptcy estate is about to be completed. Absent such notice, an interested party would not know that her obligation to seek a stay of the sale had been triggered. The undersigned finds, therefore, that there must be an exception to § 363(m)'s mootness rule when an interested party alleges that she did not receive sufficient notice of the sale in order to protect her right to appeal by seeking a stay of the sale. *See Sumwalt*, 1992 WL 38610, at *1; *In re Moberg Trucking, Inc.*, 112 B.R. 362, 363 (9th Cir. BAP 1990).

■ Appellants do not argue that they were unable to protect their right to appeal by seeking a stay under § 363(m) because they lacked sufficient notice of the sale of the Property to alert them to the fact that they needed to obtain a stay. Appellants did in

---

**2.** The Court has some concern about the fact that a bankruptcy court's denial of a motion to stay a sale would effectively deprive an interest holder of his right to appeal. A bankruptcy court should consider as a factor the ultimate loss of appellate review when it rules on a motion to stay a sale. The Court's concern is lessened by the fact that the interest holder may file a motion for a stay with this Court or the Bankruptcy Appellate Panel if the bankruptcy court denies a stay. This Court and the Appellate Panel must

also consider the threatened loss of appellate review when ruling on a motion to stay a sale. *See In re Sullivan Central Plaza I*, 914 F.2d 731, 733 n. 5 (5th Cir.1990).

**3.** The Court notes that § 363(m) only applies when the sale is to a good faith purchaser and Appellants argue that Mr. Richardson was not a good faith purchaser. This issue will be discussed below. *See* 1(C), *infra.*

fact seek a stay. A stay was granted on the condition that Appellants enter a supersedeas bond, which they did not do. The fact that Appellants sought a stay demonstrates that they had sufficient notice prior to the sale of the Property to allow them to protect their right to appeal by seeking a stay of the sale. Appellants' appeal does not, therefore, fall into the exception to § 363(m)'s mootness rule for lack of notice sufficient to alert a party that he needs to seek a stay of a bankruptcy sale.

Appellants rely exclusively on *Ex–Cel Concrete.* The court in *Ex–Cel Concrete* did hold that it would not allow "considerations, such as the exigent needs of the bankruptcy system or the innocence or good faith of third parties involved in bankruptcy sales, to justify departures from due process standards in adjudicating property rights." *Ex–Cel Concrete,* 178 B.R. at 205. Appellants rely on this language to support their argument that any claimed violation of the right to due process must be considered by an appellate court, despite § 363(m)'s mootness rule. The undersigned does not agree that the court's language in *Ex–Cel Concrete* should be given such a broad interpretation.

In *Ex–Cel Concrete,* Mr. and Mrs. McConnell and their business, Ex–Cel Concrete Company ("Ex–Cel"), filed a chapter 11 bankruptcy. Citicorp Mortgage, Inc. ("Citicorp") held a first position lien on the McConnell's residence. Ex–Cel held a second position lien on the McConnell's residence. Both the McConnell and Ex–Cel bankruptcies were converted from chapter 11 to chapter 7 bankruptcies, and a trustee was appointed for both the McConnell estate and the Ex–Cel estate. The trustee of the McConnell estate abandoned the residence to the McConnells and the trustee of the Ex–Cel estate caused Ex–Cel to foreclose its second position lien and take title to the McConnells' residence. The trustee of the Ex–Cel estate then filed a motion to sell the McConnells' residence free and clear of any liens. *Ex–Cel Concrete,* 178 B.R. at 199–200.

Citicorp, holder of the first position lien on the McConnells' residence, was never given notice of the Ex–Cel trustee's motion to sell the residence. The bankruptcy court held a hearing and approved the sale of the McConnells' residence. The Ex–Cell trustee sold the residence for a price which was not sufficient to satisfy Citicorp's first position lien. Citicorp learned of the sale only when the closing agent for the sale, Lawyers Title Insurance Company, requested a payoff demand from Citicorp. Citicorp's lawyer and the Ex–Cel trustee's lawyer then corresponded and from the tone of the last letter received by Citicorp's lawyer from the trustee's lawyer, Citicorp assumed that the sale would not close without its consent. Citicorp's belief that the sale would not close without its consent was justified in light of 11 U.S.C. § 363(f). Section 363(f) authorizes the sale of property free and clear of liens under five enumerated circumstances. The only relevant circumstance under the facts of *Ex–Cel Concrete* was the consent of Citicorp. 11 U.S.C. § 363(f)(2). Believing that the sale would not close without its consent, Citicorp did not submit a payoff demand. The sale was of the McConnell's residence was closed two days later. *Ex–Cel Concrete,* 178 B.R. at 200–201.

Citicorp filed a motion with the bankruptcy court to set aside the order authorizing the sale of the McConnells' residence. This motion was filed two months after the sale had closed. Apparently, it took Citicorp that long to learn that the sale had closed without Citicorp's consent. The bankruptcy court denied Citicorp's request, finding that because the sale of the McConnells' residence had closed, § 363(m)'s mootness rule applied. Citicorp appealed and the Bankruptcy Appellate Panel for the Ninth Circuit considered Citicorp's appeal on the merits, finding that § 363(m)'s mootness rule did not apply under the circumstances presented. *Ex–Cel Concrete,* 178 B.R. at 204–205.

The court's holding in *Ex–Cel Concrete* is a specific application of the exception to § 363(m)'s mootness rule recognized and discussed above. That is, *Ex–Cel Concrete* is a situation where an interested party failed to receive satisfactory notice that a sale of property was about to close. Because Citicorp was not on sufficient notice of the closing of the sale of the McConnells' residence, Citicorp could not be expected to obtain a

§ 363(m) stay of the sale in order to preserve its right to appeal. The undersigned finds the court's holding in *Ex–Cel Concrete* persuasive to the extent that the court recognizes an exception to § 363(m)'s mootness rule where an interested party, due to lack of sufficient notice of the closing of a sale, is unaware of the need to obtain a stay of the sale to preserve its right to appeal. The undersigned disagrees with the court's holding in *Ex–Cel Concrete* to the extent that it allows for a general exception to § 363(m)'s mootness rule for all cases in which the sale of property from a bankruptcy estate is challenged on constitutional grounds. *See Sumwalt v. Equity Securities*, 1992 WL 38610, at *2 (9th Cir.1992) (refusing to adopt such a general exception to § 363(m)'s mootness rule).

### B. *Appellants' Jurisdictional Claims*

■ Appellants argue that the bankruptcy court lost jurisdiction the moment Judge Covey converted Raskin Resources' bankruptcy from a chapter 11 to a chapter 7 bankruptcy without notice to Appellants.[4] Appellants present no argument or authority to support their claim that a lack of notice of a conversion motion to a debtor corporation's shareholders deprives a bankruptcy court of jurisdiction. Lack of notice to an interested party may result in the denial of a constitutional right (i.e., the interested party's right to due process) for which a remedy may be sought. The remedy for a denial of due process might include the voiding of any order entered by a court at a time when the interested party lacked notice. Orders voided as a remedy for a denial of due process are not traditionally viewed as void because the court lacked jurisdiction. Rather, they are voided as a remedy for a constitutional violation. Even if the Appellants' argument that the bankruptcy court acted without jurisdiction after the conversion is correct, Appellants' appeal of the jurisdictional issue is still mooted by § 363(m). Jurisdictional flaws, like general constitutions flaws, do not create an exception to § 363(m)'s mootness rule. *See In re Sax*, 796 F.2d 994, 998 (7th

Cir.1986); *In re Gilchrist*, 891 F.2d 559, 561 (5th Cir.1990)

Appellants filed a motion to vacate Judge Covey's conversion order due to their lack of notice. Judge Covey held a hearing and determined that because Appellants were non-participating, non-investing shareholders in Raskin Resources and because Appellants were the wife and children of the principal officer of Raskin Resources (i.e., Howard Raskin), notice to Howard Raskin was constitutionally permissible notice to Appellants. Judge Covey then proceeded to exercise his jurisdiction over Raskin Resources' assets by approving the sale of the Property to Mr. Richardson. Judge Covey continued to exercise jurisdiction over Raskin Resources and its estate after the conversion. It must be presumed, therefore, that Judge Covey believed he retained jurisdiction after the conversion, despite the lack of actual notice to Appellants.

The Fifth and Seventh Circuits have refused to create an exception to § 363(m)'s prohibition on voiding a completed bankruptcy sale even when a bankruptcy's court's subject matter jurisdiction is being challenged. *In re Sax*, 796 F.2d 994, 998 (7th Cir.1986); *In re Gilchrist*, 891 F.2d 559, 561 (5th Cir.1990) (adopting the reasoning in *Sax*). In *Sax*, the bankruptcy court approved the sale of a yacht. Appellants did not obtain a stay of the sale and the yacht was sold. Appellants brought an appeal and argued that § 363(m) did not apply because the bankruptcy court lacked subject matter jurisdiction when it sold the yacht because the yacht was not property of the bankruptcy debtor's estate. *Id.* The Seventh Circuit found appellants appeal moot with the following discussion:

> The appellants raise the jurisdictional argument as if it somehow negates or excuses their failure to obtain a stay. It does not. This appeal is moot because [appellants] failed to obtain a stay, so we cannot reach the question of whether the bankruptcy court had jurisdiction to order and approve the sale.

---

**4.** *See* 11 U.S.C. § 1112(b) (which requires notice to equity security holders of a conversion of a chapter 11 bankruptcy).

The bankruptcy court made the determination that it had jurisdiction; an issue which it had jurisdiction to decide. Despite the maxim that 'subject matter jurisdiction can be raised at any time,' valid procedural rules cannot be ignored just because the jurisdictional decision is being challenged rather than the decision on the merits. To accept [appellants'] argument would be to ignore valid procedural requirements.

*Id.* at 998 (internal citations omitted).[5]

Appellants' jurisdictional argument in this case is no different than the jurisdictional argument raised by the appellant in *Sax*. Like the bankruptcy judge in *Sax*, Judge Covey held a hearing and determined he had jurisdiction despite Appellants' lack of actual notice of the trustee's motion to convert. Section 363(m) defines how Appellants were to perfect an appeal from Judge Covey's jurisdictional decision. Like the appellant in *Sax*, Appellants in this case did not fulfill § 363(m)'s procedural requirement by obtaining a stay of the sale of the Property. Section § 363(m)'s valid procedural requirements cannot be ignored just because the decision Appellants wished to appeal was a jurisdictional decision and not a decision on the merits. *Sax*, 796 F.2d at 998; *Gilchrist*, 891 F.2d at 561.

### C. *Appellants' Bad Faith Claims*

Appellants allege that the trustee hired a Mr. Krissman to market the Property and that Mr. Krissman is Mr. Richardson's property manager. Appellants argue that because Mr. Krissman was acting as the both the trustee's and the buyer's agent with respect to the Property, there was an unlawful conflict of interest. Appellants allege further that Mr. Krissman was in possession of a higher bid on the Property from Messrs. Morrow and Swezey and that Mr. Krissman in order to ensure that Mr. Richardson's bid was accepted purposefully failed to timely present the Morrow/Swezey bid to the trustee. Appellants argue that Mr. Krissman's alleged conflict of interest, coupled with his failure to timely deliver the Morrow/Swezey bid, prevent Mr. Richardson from being a good faith purchaser.

By its own terms, § 363(m) applies only when property of a bankruptcy estate has been purchased by a good faith purchaser. *In re Bel Air Associates, Ltd.*, 706 F.2d 301, 305 (10th Cir.1983) (interpreting § 363(m)'s predecessor, Fed.R.Bankr.P. 805). Although appellate courts are hesitant to overcome § 363(m)'s mootness rule, an appellate court will void a completed bankruptcy sale if the purchaser was not a good faith purchaser. *Plotner v. AT & T*, 172 B.R. 337, 341 (W.D.Okla.1994). Neither the Bankruptcy Code not the Bankruptcy Rules define a good faith purchaser. The Tenth Circuit has, however, held that a "good faith purchaser" is one who buys in "good faith" and for "value."[6] *In re Bel Air*, 706 F.2d at 305. The type of conduct which will destroy a purchaser's good faith involves "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.* at 305, n. 11 (citing *In re Rock Indus. Machinery Corp.*, 572 F.2d 1195, 1198 (7th Cir.1978)).

With respect to the trustee's motion to dismiss, the parties attached and made reference to the applicable bankruptcy court orders and excerpts from transcripts of proceedings before the bankruptcy court. However, the complete and official record on appeal from the bankruptcy court clerk has not been received by this Court. Due to the lack of a complete record, the undersigned is not able to make a recommendation with regard to the ultimate issue of whether or not Mr. Richardson was a good faith purchaser. Additional briefing will be required. The trustee's motion to dismiss must, therefore, be denied solely with respect to Appellants' claim that the sale of the Property was not made to a good faith purchaser.

---

**5.** Appellants have not argued that § 363(m) is not a valid procedural rule. For a discussion of the constitutionality of § 363(m)'s stay requirement, see *See More Light Investments v. Brown*, 25 B.R. 1005, 1008–1009 (D.Mass.1982).

**6.** In the bankruptcy context, a purchaser is deemed to have paid "value" if he paid at least 75% of the appraised value of the asset in question. *In re Bel Air*, 706 F.2d at 305, n. 12 (citing several cases). Appellants have not alleged that Mr. Richardson failed to give "value" for the Property.

818

Because it has not yet been delivered to this Court, the undersigned has not had an opportunity to review the entire record of the proceedings below. The undersigned is, therefore, unable to determine whether Mr. Richardson has had an opportunity to be heard regarding Appellants' allegation that he did not act in good faith when he purchased the Property from the trustee. Because Mr. Richardson has an interest in the outcome of this appeal and because he is not a party to this appeal, the undersigned recommends that the Court Clerk be directed to provide Mr. Richardson with notice of all further proceedings in this appeal so that Mr. Richardson may determine how best to protect his interest, if any, in the Property.

The undersigned recommends that the trustee's motion to dismiss be denied with respect to Appellants' claim that Mr. Richardson is not an good faith purchaser. The undersigned still has specific concerns regarding the state of the bankruptcy record with regard to Appellants' good faith claim. In particular, the parties are directed to address the following issues in their briefs: [7]

1. Whether Appellants waived their right to appeal Mr. Richardson's lack of good faith by failing to (1) include that issue in the Statement of Issues required by Fed.R.Bankr.P. 8006, and/or (2) raise the issue before Judge Covey during the hearing on Appellants' motion for relief from the order approving the sale of the Property and the order converting Raskin Resources' bankruptcy from a chapter 11 to a chapter 7 bankruptcy. *See, e.g., In re Robinson*, 987 F.2d 665, 669 (10th Cir.1993); *In re Freeman*, 956 F.2d 252, 255 (11th Cir.1992); *In re Gilchrist*, 891 F.2d 559, 561 (5th Cir.1990); and *In re Winters*, 1994 WL 397939, at *3–5 (N.D.Ill. 1994).

2. Whether Judge Covey made a specific finding of good faith and whether an adequate record with regard to Mr. Richardson's alleged bad faith was developed in the bankruptcy court and

the need, if any, for a remand to the bankruptcy court for specific findings by the bankruptcy court with regard to Mr. Richardson's good faith. *See, e.g., In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149–150 (3rd Cir. 1986); *In re Plotner [v. AT&T]*, 172 B.R. 337, 341 (W.D.Okla.1994); and *In re Tempo Technology Corp.*, 202 B.R. 363 (D.Del.1996).

3. If a party advances the argument that this case should be remanded for additional fact finding, that party should address the procedural aspects of such a remand. In other words, the party requesting a remand should address whether the remand should be for an adversary proceeding under Fed. R.Bankr.P. 7001 to determine if Mr. Richardson was a good faith purchaser or whether the case should be remanded in some other procedural context. *See, e.g., In re Moberg Trucking, Inc.*, 112 B.R. 362, 363–64 (9th Cir. BAP 1990); and *Sumwalt v. Equity Securities*, 1992 WL 38610, at *1–2 (9th Cir. 1992).

4. Obviously the parties must also address the underlying legal merits of Appellants' claim. That is, if Appellants' version of the facts are true, do those facts support a legal conclusion that Mr. Richardson was not a good faith purchaser as that term is defined by the Tenth Circuit in *In re Bel Air Associates, Ltd.*, 706 F.2d 301, 305, n. 11 (10th Cir.1983).

### CONCLUSION

The trustee's motion to dismiss (doc. no. 2) this appeal as moot pursuant to 11 U.S.C. § 363(m) is *GRANTED IN PART AND DENIED IN PART.* The trustee's motion is granted as to all issues except the issue of whether Gary L. Richardson was a good faith purchaser of the Woodland Hills Cinema and the Service Merchandise building located near 71st Street and Memorial in Tulsa,

[7]. Once the record on appeal has ben received from the bankruptcy court clerk, the clerk of this Court will send the parties a letter, setting a briefing schedule. *See* Rule B–10 of the District Court Rules for Bankruptcy Practice and Procedure, Miscellaneous Order M–128, filed April 11, 1985.

Oklahoma. Once the record on appeal has been received by this Court from the bankruptcy court clerk, the parties shall brief the specific issues identified in this Report and Recommendation.

### *TIME FOR OBJECTIONS*

If the parties so desire, they may file with the District Judge assigned to this case, within 10 days from the date they are served with a copy of this Report and Recommendation, objections to the undersigned's recommended disposition of this action. *See* 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b).

IT IS SO ORDERED.

JOYNER, United States Magistrate Judge.

Dated this 23 day of January 1997.