DUGGAN, District Judge.
Plaintiffs-Appellants Second Grand Traverse School, L.P. and JS Development II, L.L.C. (“Appellants”) appeal from the district court’s order dismissing an appeal of a bankruptcy court’s sale order. For the reasons set forth below, the decision of the district court is affirmed.
Background & Procedural History
An involuntary bankruptcy petition filed against the Debtor. Second Grand Traverse School, underlies this appeal. In May 2000, the Debtor contracted with Comstock Construction Company (“Com-stock”) for the construction of a school building on Debtor’s property. After construction began, the Debtor failed to pay Comstock.[1] Due to nonpayment. Com-stock stopped construction, filed construction liens on the property, pursued relief in state court, and eventually filed an involuntary Chapter 11 bankruptcy petition against the Debtor on July 19, 2001. The bankruptcy court held that the state court ordered arbitration should proceed, and on March 6, 2002, an arbitration award was entered in favor of Comstock. On April 18, 2002, the parties consented to an Order of Relief pursuant to Chapter 11 and to the appointment of a Chapter 11 Trustee, James W. Boyd.
On June 14, 2002, the Trustee moved to sell Debtor’s estate, the property and the partially constructed school (“property”), for $8.5 million. However, the motion was withdrawn when the purchaser failed to secure funding. On July 8, 2002, the Trustee moved to sell the property again, this time to Comstock for a purchase price of $3,579,844.40. According to Appellants, this amount “was exactly the amount owed to the creditors of the Debtor, including Comstock, plus the amount to be paid to the Trustee.” (Appellants’ Br. at 9).
On July 18, 2002, the bankruptcy court held a hearing on the Trustee’s motion. During the lengthy hearing, the Debtor argued that Comstock’s offer was unfair and the property could have been sold for a higher price. (J.A. Vol. I at 171). On that same day, the bankruptcy court issued an order granting the Trustee’s motion to sell the Debtor’s estate. That order states in part:
6. The Purchase and Sale Agreement for Real Property (hereinafter the “Agreement”) entered into by the Trustee as Seller and Comstock Construction Company as Purchaser contains reasonable terms and has been entered into in good faith.
8. Comstock Construction Company has purchased the Property in good faith.
(J.A. Vol. I at 227). Athough such orders authorizing sales are normally stayed for ten days, at the request of the Trustee, the bankruptcy court ordered that the automatic stay would not apply in this case. On the day following the hearing before the bankruptcy court, Comstock purchased the property.
On July 24, 2002, Appellants filed their notice of appeal. In conjunction with their notice of appeal. Appellants filed a Statement of Issues, outlining the reasons why the bankruptcy court’s order approving the sale on an expedited basis was in error. The Appellants noted that the Trustee had never listed the property with a realtor, had not advertised the property, and had taken no efforts to market the *432 property. In addition, the Appellants asserted that the expedited sale “served to chill bidding,” and that the Appellants presented testimony that the proposed sale price was for a price “far below the current market price.” (J.A. Vol. I at 18).
On October 11, 2002, the Trustee filed a motion to dismiss the appeal as moot pursuant to 11 U.S.C. § 363(m). Appellants opposed the motion to dismiss arguing that § 363(m) does not apply in cases such as this, where the issue of whether the sale was made in good faith is disputed. In an opinion filed January 28, 2003, the district court granted the motion to dismiss. No hearing was held on the motion.
Discussion
The two issues before the Court are: (1) whether the district court committed reversible error by prematurely dismissing their appeal as moot pursuant to 11 U.S.C. § 363(m); and (2) whether the bankruptcy court abused its discretion by waiving the automatic stay provision found in Federal Rule of Bankruptcy Procedure 6004(g). The district court did not address this latter issue. Appellants believe that the district court erred by “failing to determine whether the mootness doctrine applies when the bankruptcy court erroneously waives the automatic stay of a sale order.” (Appellants’ Br. at 20).
Central to the district court’s opinion is the mootness rule found in 11 U.S.C. § 363(m). It provides:
The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.[2]
Courts refer to this section as the “mootness rule” and have interpreted it to mean that where property is sold to a good faith purchaser pursuant to a bankruptcy court’s authorization, any appeal of the sale authorization is moot unless the appellant has obtained a stay of the sale pending appeal.[3] See 255 Park Plaza Assocs. Ltd. P’ship v. Conn. Gen. Life Ins. Co. (In re 255 Park Plaza Assocs. Ltd. P’ship), 100 F.3d 1214 (6th Cir.1996). It is undisputed that the mootness rule only operates to bar an appeal when a purchaser buys property in good faith. Thus, courts will reconsider a sale on appeal where the purchaser was not a good faith purchaser. Plotner v. AT & T, 172 B.R. 337, 341 (W.D.Okla.1994).
Appellants’ first argument on appeal is that the district court erred in dismissing the appeal pursuant to § 363(m) because the good faith of the purchaser was disputed. The crux of Appellants’ argument is that they are entitled to a “full review on the merits of the purchaser’s bad faith.” (Appellants’ Reply Br. at 9). Appellants had an opportunity to contest the bad faith of the purchaser in the context of the Trustee’s motion to dismiss before the district court. Thus, the district court did not err in dismissing the case pursuant to § 363(m).
*433 At the Trustee’s request, the bankruptcy-court made a finding at the hearing that Comstock’s purchase was in good faith:
Mr. Schuknecht [Counsel for Trustee]: Lastly, I would like the Court, if it would, to make a finding based on the record here today that Comstock is purchasing in good faith, which I believe you can from the record that’s here before you today.
The Court: I’m prepared to do that based on the position that Comstock holds in this case and the fact it hasn’t been paid for several years.
(J.A. I at 181). As noted above, the bankruptcy court also included its good faith finding in its written order approving the sale.
When the Trustee moved to dismiss the appeal as moot pursuant to § 363(m), one of the arguments raised was the Trustee’s assertion that Comstock purchased the property in good faith. In its brief accompanying its motion to dismiss, the Trustee noted that the bankruptcy court had already made a finding of good faith. In addition, the Trustee outlined the reasons why the purchase was in good faith, with specific references to the transcript from the hearing before the bankruptcy court on the motion for approval of the sale. Instead of attacking the substance of the good faith argument in their response to the motion to dismiss. Appellants argued that the issue of good faith “is a primary issue in this appeal, not yet ripe for determination by the Court without a full review of the record and briefing by the parties.” (J.A. Vol. II at 459). The district court concluded as follows:
Appellants also contend that it is premature for this Court to make any findings on good faith because the issues at the heart of the appeal will determine whether the mootness rule applies. Appellants contend that the issue of good faith is a primary issue in this appeal that is not yet ripe for determination by the Court without a full review of the record and briefing by the parties.
Contrary to Appellants’ contention, 255 Park Plaza and Onouli-Kona do not stand for the proposition that this case cannot be dismissed prior to a full review on the merits....
There is no reason why the issue of good faith cannot be addressed in this motion to dismiss. Appellants had ample time and resources to respond to the good faith issues raised in Appellees’ motion to dismiss ... Appellants also had access to all of the relevant documents because the record had been filed in this Court approximately one month before-the motion to dismiss was filed. Appellees’ brief in support of motion to dismiss appeal was filled with references to the record. Nothing prevented Appellants from doing the same. The Court is satisfied that the issue of good faith is properly before this Court and that there is no need to await full briefing on all the issues on the merits of the appeal before considering the motion to dismiss.
(J.A. Vol. II at 399-401). The district court then proceeded to review the bankruptcy court’s finding of good faith as a mixed question of law and fact.
It was not error for the district court to consider the issue of good faith in the context of a motion to dismiss under § 363(m): courts routinely consider the issue of good faith when determining whether § 363(m) applies. See. e.g., Plotner; In re Tempo Tech. Corp., 202 B.R. 363, 367 (D.Del.l996)(“Thus, where the good faith of the purchaser is at issue, the district court is required to review the bankruptcy court’s finding of good faith *434 before dismissing any subsequent appeal as moot under section 363(m).”); Raskin v. Malloy, 231 B.R. 809 (N.D.Okla.1997).[4]
Merely raising the issue of bad faith in its appeal before the district court, did not preclude the district court from concluding that § 363(m) applies. The district court, having reviewed the record of the bankruptcy court, concluded that there was sufficient evidence of the good faith of the purchaser.
Next, Appellants argue that the bankruptcy court’s decision to waive the automatic stay provided for in Fed. R. Bank. P. 6004(g) was an abuse of discretion. Specifically. Appellants argue that a decision to waive the automatic stay “should be subject to some causal basis” and that “[t]he Bankruptcy Court did not give any reason for its exercise of discretion to lift the Rule 6004(g) automatic stay.” (Appellants’ Br. at 23). The Court rejects this argument because the bankruptcy court did provide an explanation for waiving the automatic stay.
Appellants acknowledge that the power of the bankruptcy court to waive the automatic stay is discretionary. Rule 6004(g)(“Stay of order authorizing use, sale, or lease of property”) provides:
An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise.
(emphasis added). The bankruptcy court considered the consequences of delaying the sale and stated in relevant part:
Now, if my memory serves me well, the very first time this case came before me I was told by the debtor that they had been trying to get financing, they had been trying to get financing, they had been trying to get financing, but the involuntary was filed, and that was the end of it. Well, by the time the case had been filed, I think it had been by then at least a year since Comstock had been paid, and that’s a very significant issue here. Let us look at who is owed the money. That would be the secured creditors are owed the money.
This is a single asset real estate case. It’s a wonder it’s kept-been alive as long as it has. There is no money in this case to market it. The trustee had done the best job the trustee can do under the circumstances.
The issue of the rent claim has gone back and forth. It’s highly disputed. We don’t know if there’s rent owed or not owed or if it’s subject to a setoff, but in order to come to a correct answer on that would take even more time and even more money. In either event, we don’t have money, and time is running out. We are getting closer and closer to the beginning of school.
There’s been an argument-made-and I find it compelling-that the sale should be permitted because time is of the essence. It’s necessary to get the enrollment up so that there will be more money; that that will help this property.
There’s also the very real motion and consideration of the motion for relief from stay that Mr. Droste has pending on behalf of his client ... If this sale doesn’t go through and that stay gets lifted, we are all history, all of us. I am not going to allow that to happen .... *435 All of the secured creditors are going to get paid. That’s what this is about. I can’t think of any other good business reason other than that. The creditors will be paid. It’s a single-it’s a single asset real estate case. There is no money to do any marketing. To keep this case going for even a length of time that the appraiser said today would costs thousands of dollars. The money doesn’t exist. I don’t think anyone is going to front those funds. There has not been a payment to Comstock for two years. It’s just too long.
(J.A. Vol. I at 175-177)(emphasis added).
Subsequently, the specific issue of waiving the ten-day stay provision was addressed by counsel and the court:
Mr. Schukneeht: The last unusual request is 600-bankruptcy rule 6004(g). I think that’s the cite. It indicates that an order like this has an automatic ten-day stay provision unless the Court orders otherwise, and I would like this order to say that there is no automatic ten-day stay, and the reason for that is because of the necessity to have the closing and get the construction underway.
The Court: Mr. Wardrop [Counsel for Appellants]?
Mr. Wardrop: I heard no testimony from their side, only Mr. Boyd [Trustee] saying that’s what they told him. That’s hearsay.
The Court: I’m sorry. That’s what who told Mr.-
Mr. Wardrop: It was never established. When you’re going to ask for relief, I think you have to put on testimony to that effect.
Mr. Schukneeht: Well, I think there was testimony regarding the necessity to move forward quickly, and whether it’s hearsay or not, it’s on the record. And the testimony is that construction needs to move forward quickly, and that’s one of the reasons why we’re moving with such speed.
The Court: 6004(g) says, “Stay of order authorizing use, sale, or lease of property. An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of ten days after entry of the order unless the Court orders otherwise.” I’m going to order otherwise.
Mr. Schukneeht: Thank you, Judge.
(J.A. I at 180-181).
It is true that at the point in the hearing where the bankruptcy court granted the Trustee’s request to waive the automatic stay, the bankruptcy court did not explicitly state its reasoning for waiving the automatic stay. A fair reading of the transcript, however, clearly suggests that the court’s discussion of the concerns for immediacy, particularly with respect to completing construction, just a few moments prior to granting the Trustee’s request, was the basis for lifting the stay. Accordingly, the Court rejects Appellants’ argument that the bankruptcy court abused its discretion by not providing a reason for lifting the automatic stay.
Conclusion
For the reasons set forth above, the decision of the district court granting the Trustee’s motion to dismiss pursuant to § 363(m) is AFFIRMED.

. Although the school was not complete, beginning in the fall of 2000, it was occupied by Grand Traverse Academy, a charter school, without a lease and without payment of rent. (See Appellees’ Br. at 1, 16).

. In this case, the bankruptcy court approved the sale pursuant to 11 U.S.C. § 363(b)(1) which provides: “The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.”

. It is undisputed that Appellants never requested a stay from the district court of the bankruptcy court’s order authorizing the sale.

. In Raskin, the court considered a motion to dismiss pursuant to § 363(m) and on the issue of good faith, concluded that additional briefing was required only because it did not have the complete record from the bankruptcy court.