2009 UT App 300

### Steven D. MAERO, Plaintiff and Appellee,

v.

Merrill K. BUNKER; Topaz Enterprises, Inc., a Utah corporation; and Westland II Investments, a Utah limited partnership, Defendants and Appellants.

No. 20080627–CA.

Court of Appeals of Utah.

Oct. 22, 2009.

---

Stephen R. Randle and Michael L. Deamer, Salt Lake City, for Appellants.

Jeremy C. Sink and Jamie L. Nopper, Salt Lake City, for Appellee.

Before Judges GREENWOOD, THORNE, and ORME.

MEMORANDUM DECISION

ORME, Judge:

¶ 1 Defendants Merrill K. Bunker; Topaz Enterprises, Inc.; and Westland II Investments (collectively, Bunker) challenge the trial court's ruling that plaintiff Steven D. Maero was entitled to the proceeds from the partnership interest he purchased at a bankruptcy auction. Bunker's main argument, at trial and on appeal, is that Maero is not entitled to the partnership interest because the bankruptcy trustee failed to honor the right of first refusal provided for in the partnership agreement and, thus, the assignment from the trustee to Maero is void. On appeal, Bunker further asserts that he is not "challeng[ing] the validity of [the] trustee's auction" or "the bankruptcy court's order approving the trustee's auction." Rather, Bunker claims that the trustee erred when she "assign[ed] the interest to Maero in breach of the requirements of the partnership agreement."

¶ 2 Despite Bunker's assertions that he is not challenging the bankruptcy court's order authorizing the auction, implicit in that order was the notion that the property auctioned would be transferred to the highest bidder. Bunker is, thus, necessarily challenging the validity of the trustee's assignment of the interest, which was auctioned as authorized by the bankruptcy court's order and included in the trustee's final report, which report the bankruptcy court also approved. Indeed, Bunker admits that in order to obtain the relief to which he believes he is entitled, the bankruptcy case would need to be reopened to set aside the assignment and to allow "the interest [to] be transferred properly," which admission further shows that he is, fundamentally, challenging the bankruptcy court's actions.

¶ 3 Because we conclude that Bunker is in actuality challenging the validity of the bankruptcy court's orders and the resulting assignment, the challenge to the assignment should have been raised before the bankruptcy court and, if unavailing, pursued on appeal. *See Copper State Thrift & Loan v. Bruno*, 735 P.2d 387, 392 (Utah Ct.App.1987)

(holding that for issues raised "relating to the validity and propriety of the bankruptcy court's order" the "[a]ppropriate appeal . . . would have been to the Federal District Court"). *Cf. Warner v. DMG Color, Inc.,* 2000 UT 102, ¶¶ 16–18, 20 P.3d 868 (determining that an attempt to bring certain causes of action in state court, following the bankruptcy estate's sale of the property interests in those causes of action, was essentially an attempt to challenge the sale of the property interests in state court, and such challenge was not allowed and would have "defeat[ed] the intent behind the bankruptcy system"; instead, the plaintiff should have "file[d] a notice of claim in the bankruptcy court and, if not satisfied with the sale, . . . challenge[d] it through an appeal"). In any event, even if Bunker's challenge could be considered to have "an independent purpose and [to] contemplate[ ] some other relief," *Bronson v. CHC Indus., Inc. (In re CHC Indus., Inc.),* 389 B.R. 767, 773 (Bankr. M.D.Fla.2007) (citation and internal quotation marks omitted), it still constitutes an improper collateral attack on the bankruptcy court's orders and the resulting assignment because the ultimate relief sought would require invalidation of the assignment and the bankruptcy court's order. *See Plotner v. AT & T Corp.,* 224 F.3d 1161, 1173–74 (10th Cir.2000) (determining that collateral attacks on the bankruptcy court's order that could have been brought, but were not, are barred by res judicata and that direct attacks are governed by the guidelines set forth in rule 60(b) of the Federal Rules of Civil Procedure); *In re CHC Indus., Inc.,* 389 B.R. at 773 (defining a collateral attack as an attack that, although having "an independent purpose and contemplat[ing] some other relief," seeks "in some fashion [to] overrule a previous judgment," and also stating that even if the party "does not seek to undo the sale with regard to title . . . it is sufficient that the [party] is seeking to undo the economics of the sale") (emphasis, citation, and internal quotation marks omitted); *Warner,* 2000 UT 102, ¶ 9, 20 P.3d 868 ("[T]he appropriate method to challenge . . . a [bankruptcy] sale

is by appeal, not collateral attack," because an order approving a sale is a final order.).

¶ 4 Bunker's failure to challenge the validity of the bankruptcy court's orders and the resulting assignment, in the right forum and in a timely fashion, makes his challenge to the assignment moot. *See generally* 11 U.S.C.A. § 363(m) (West 2004) (stating that even if an order approving a bankruptcy sale is "revers[ed] or modifi[ed] on appeal," the sale to a good faith purchaser is still valid unless the sale was "stayed pending appeal"). An issue is moot if the court "cannot grant the relief requested." *Raskin v. Malloy,* 231 B.R. 809, 812 (N.D.Okla.1997), *affirmed in part and dismissed in part,* 172 F.3d 63 (10th Cir.1999). Here, Bunker requests that the assignment made to Maero be invalidated, with a new sale to then proceed "in compliance with the partnership agreement." However, under the Bankruptcy Code, any "reversal or modification on appeal of an" order authorizing the trustee to sell estate "property does not affect the validity of a sale . . . under such authorization to an entity that purchased . . . in good faith." 11 U.S.C.A. § 363(m). "[O]nce a sale becomes final and a stay is not entered[,] the sale cannot be reviewed on appeal." *Veltman v. Whetzal,* 93 F.3d 517, 521 n.4 (8th Cir.1996). "[T]his rule is in furtherance of the policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely."[1] *In re CGI Indus., Inc.,* 27 F.3d 296, 298–99 (7th Cir.1994) (citation and internal quotation marks omitted). *See also Raskin,* 231 B.R. at 813 ("Finality is important because it minimizes the chance that purchasers will be dragged into endless rounds of litigation to determine who has what rights in the property. Without the degree of finality provided by [section 363(m)'s] stay requirement, purchasers are likely to demand a steep discount for investing in the property [of the bankruptcy debtor].") (alterations in original) (citations and internal quotation marks omitted). And as already explained, a collateral attack in state

---

1. This principle is clearly implicated by this case, where the interest assigned is now the subject of litigation fourteen years after the bankruptcy court authorized the assignment.

court may not substitute for an appeal from an adverse bankruptcy court decision.

¶ 5 In this case, Bunker made no attempt to properly challenge the bankruptcy court's orders approving the sale, and thus, a challenge to the validity of the sale of the partnership interest "is moot because § 363(m) ... prevent[s] this [c]ourt from voiding the sale." *Raskin*, 231 B.R. at 813. Even if we were to determine that the trial court erred in its interpretation of partnership law in regard to the partnership agreement's validity and that Bunker was entitled to exercise a right of first refusal, Bunker would only be entitled to the partnership interest if the bankruptcy court's assignment to Maero was invalidated and the partnership interest was reassigned to Bunker. Thus, even if we had the power to invalidate the bankruptcy court's assignment and chose to exercise such power, section 363(m) prohibits such a result from affecting the validity of the sale. Regardless of any decision we might make concerning the partnership issue, Maero's assignment would remain valid.

¶ 6 Because Bunker did not properly challenge the bankruptcy court's assignment and there is no dispute that Maero purchased and was assigned the interest, Maero is entitled to receive the partnership interest he acquired under the auspices of the bankruptcy court. It follows that Maero is entitled to the proceeds received by reason of that interest, and that the district court's judgment so holding should be upheld.

¶ 7 Affirmed.

¶ 8 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and WILLIAM A. THORNE JR., Judge.