**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: WESTERN PACIFIC
AIRLINES, INC., a Delaware
corporation,

     Debtor,

-----------------------------------------------

BOULLIOUN AIRCRAFT HOLDING
COMPANY, INC.; BOULLIOUN
PORTFOLIO FINANCE I, INC.,

     Appellants,

v.

SMITH MANAGEMENT; WESTERN
PACIFIC AIRLINES, INC.,
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS;
JEFFREY A. WEINMAN, Chapter 7
Bankruptcy Trustee,

     Appellees.

No. 98-1018

---

In re: WESTERN PACIFIC
AIRLINES, INC., a Delaware
corporation

     Debtor,

-----------------------------------------------

SMITH MANAGEMENT COMPANY

and JEFFREY A. WEINMAN, Chapter 7 Bankruptcy Trustee,

      Appellees,

v.

AIRCORP, INC. and BOULLIOUN AIRCRAFT HOLDING COMPANY, INC.,

      Appellants,

---------------------------------------------

ORIX, AIRCRAFT FINANCERS, and ATLAS AIR, INC.,

      Amici Curiae.

No. 98-1214

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 97-K-2564 and 98-K-358)**

---

Susan M. Freeman of Lewis and Roca, LLP, Phoenix, Arizona (Daniel F. Warden, Bond & Morris, Denver, Colorado, with her on the briefs), for appellants Boullioun.

David T. Brennan of Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Denver, Colorado (Stephen J. Shimshak, Paul, Weiss, Rifkind, Wharton & Garrison, New York, New York with him on the briefs), for appellee Smith Management Company.

Mark L. Fulford of Sherman & Howard, LLC, Denver, Colorado, for appellee Jeffrey A. Weinman, Chapter 7 Bankruptcy Trustee.

- 2 -

Paul D. Rubner of Rubner & Kutner, P.C., Denver, Colorado and William J. Rochelle, III, of Fulbright & Jaworski, LLP, New York, New York, filed amicus curiae briefs for Orix.

M.O. Sigal, Jr. and Jacob S. Pultman of Simpson Thacher & Bartlett, New York, New York, filed an amicus curiae brief for Aircraft Financers.

Kevin J. Burke, Marc J. Korpus, and James E. Rosenfeld of Cahill Gordon & Reindel, New York, New York, filed an amicus curiae brief for Atlas Air, Inc.

————————————————

Before **BRORBY**, **HOLLOWAY** and **LUCERO**, Circuit Judges.

————————————————

**LUCERO**, Circuit Judge.

————————————————

We consider whether an appeal by an aircraft lessor is moot if the lessor seeks modification of post-petition lenders' bargained-for collateral but has failed to seek a stay of the relevant post-petition financing order pursuant to 11 U.S.C. § 364(e). For the reasons set forth below, we conclude that these appeals are moot and dismiss. Solely because of case-specific, equitable considerations, we do not vacate the decisions below.

## I

These appeals arise from bankruptcy proceedings regarding Western Pacific Airlines, Inc. ("WestPac"). In appeal No. 98-1018 ("the lease assignment appeal"), Boullioun Aircraft Holding Co. and Boullioun Portfolio Finance I, Inc. ("Boullioun") challenge the bankruptcy court's December 10, 1997, decision that

WestPac could assign its interest in three planes that it leased from Boullioun as collateral to providers of post-petition financing, despite provisions in the leases prohibiting such assignment. See In re Western Pacific Airlines, Inc., 223 B.R. 567, 573 (D. Colo. 1997). The district court dismissed Boullioun's appeal of this holding as moot. See In re Western Pacific Airlines, Inc., 216 B.R. 437, 440 (D. Colo. 1998). Essentially, Boullioun challenges the bankruptcy court's determination that 11 U.S.C. § 365(f)(1), which permits assignment of leases by a bankruptcy trustee, is not trumped by 11 U.S.C. § 1110, which exempts, under certain circumstances, an aircraft lessor's power to retrieve its aircraft following a lease default from the powers of the court to enjoin repossession.[1]

---

[1] Section 1110 provides, in relevant part, as follows:

(a)(1) The right of a secured party with a security interest in equipment described in paragraph (2) or of a lessor or conditional vendor of such equipment to take possession of such equipment in compliance with a security agreement, lease, or conditional sale contract is not affected by section 362, 363 or 1129 or by any power of the court to enjoin the taking of possession unless—

> (A)  before the date that is 60 days after the date of the order for relief under this chapter, the trustee, subject to the court's approval, agrees to perform all obligations of the debtor that become due on or after the date of the order under such security agreement, lease, or conditional sale contract; and
> (B)  any default, other than a default of a kind specified in section 365(b)(2) under such security agreement, lease, or conditional sale contract—
>> (i)  that occurs before the date of the order is cured before the expiration of such 60-day period; and
>> (ii)  that occurs after the date of the order is cured before the

(continued...)

In appeal No. 98-1214 ("the repossession appeal"), Boullioun challenges the district court's interpretation of another aspect of 11 U.S.C. § 1110. The district court, in In re Western Pacific Airlines, Inc., 219 B.R. 305, 309-10 (D. Colo. 1998), concluded that § 1110 ceases to have effect once an aircraft lessee cures existing defaults within the allotted time period and promises not to default again, even if the lessee subsequently defaults on lease terms. Boullioun also seeks affirmance of the bankruptcy court's determination, not reached by the district court, that once it is clear to a lessor that a lessee has defaulted and will not cure, the lessor need not wait until thirty days have expired before repossessing its aircraft.

## II

At the threshold, we consider appellees' assertion that these appeals are moot. "We review the issue of mootness de novo." Anderson v. United States Dep't of Health & Human Services, 3 F.3d 1383, 1384 (10th Cir. 1993). Generally, a federal court cannot give opinions absent a live case or controversy before it. See Mills v. Green, 159 U.S. 651, 653 (1895). Specifically, a case becomes moot when it becomes "impossible for the court to grant 'any effectual

---

[1](...continued)
> later of—
>> (I) the date that is 30 days after the date of the default; or
>> (II) the expiration of such 60-day period.

- 5 -

relief whatever' to a prevailing party." Church of Scientology v. United States, 506 U.S. 9, 12 (1992) (quoting Mills, 159 U.S. at 653).

## A

We first address appellees' mootness claim with respect to appeal No. 98-1018, the lease assignment appeal. The district court concluded that Boullioun's challenge to the bankruptcy court decision permitting assignment of Boullioun's leases as collateral for the post-petition financing is moot because of Boullioun's failure to seek a stay of the financing order pursuant to 11 U.S.C. § 364(e). See In re Western Pacific Airlines, Inc., 216 B.R. at 440. Section 364(e) provides that

> [t]he reversal or modification on appeal of an authorization under this section to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt or the granting of such priority or lien, were stayed pending appeal.

11 U.S.C. § 364(e).[2]

Although § 364(e) facially provides for the "reversal or modification on appeal" of an authorization to incur debt and the grant of a priority lien, it limits the effect of such modification if the challenging party has failed to seek a stay. Accordingly, § 364(e) renders some financing order challenges effectively moot.

---

[2]There is no contention that the providers of post-petition financing to WestPac did not extend credit in good faith.

See, e.g., In re Adams Apple, Inc., 829 F.2d 1484, 1487-89 (9th Cir. 1987). An appeal is moot if the court can fashion no meaningful relief because of § 364(e). See Church of Scientology, 509 U.S. at 12; In re Swedeland Dev. Corp., 16 F.3d 552, 559-60 (3d Cir. 1994).[3]  At the same time, "[if] a court can fashion 'some form of meaningful relief,' even if it only partially redresses the grievances of the prevailing party, the appeal is not moot." 16 F.3d at 559 (quoting Church of Scientology, 506 U.S. at 12-13). Thus, we must consider whether Boullioun can obtain meaningful relief from the complained-of orders despite its failure to seek a stay of the post-petition financing order. Cf. In re Osborn, 24 F.3d at 1203-04. We conclude that it cannot.

We agree with the conclusion reached in In re Clinton Street Food Corp., 170 B.R. 216, 220 (S.D.N.Y. 1994), that § 364(e) prohibits not only outright invalidation of a lien or priority where the challenging party has failed to seek a stay, but also modification of the terms of a post-petition lender's bargained-for collateral.[4]  Such an interpretation stems from the language of § 364(e), as well as

---

[3] "[E]ven though [§] 364(e) standing alone does not require dismissal of an appeal when a stay is not granted, it might establish circumstances which under law other than [§] 364(e) require dismissal of the appeal." In re Swedeland Dev. Corp., 16 F.3d at 559. In In re Osborn, 24 F.3d 1199, 1203-04 (10th Cir. 1994), we reached a similar conclusion regarding 11 U.S.C. § 363(m), the Bankruptcy's Code's other "mooting" provision.

[4] The court in Clinton Street Food Corp. dismissed as moot a challenge to the security provisions of a relied-upon post-petition financing order based on § 364(e). See 170 B.R. at 219-220.

the purpose of this provision, which is to encourage lenders to advance funds to a bankrupt company in reliance on the unstayed order of bankruptcy court, even if on appeal. See In re Adams Apple, Inc., 829 F.2d at 1488; In re EDC Holding Co., 676 F.2d 945, 947 (7th Cir. 1982); In re Clinton Street Food Corp., 170 B.R. at 220; 4 Norton Bankr. L. & Prac. 2d § 87:24 (1999). Accordingly, the fact that Boullioun does not seek disruption of the debtor-in-possession financing orders, modification of which is precluded by § 364(e), and instead argues for the modification of the economic consequences of the post-petition financiers' liens under 11 U.S.C. § 1110, does not save this case from mootness. In light of Congress's intent in enacting § 364, see In re Adam's Apple, Inc., 829 F.2d at 1488, we read § 364(e) to apply not just to the validity of financing itself, but also to the terms of collateralization. See In re Clinton Street Food Corp., 170 B.R. at 220.

We reject Boullioun's argument that the reasoning of the Third Circuit's decision in In re Swedeland Dev. Corp., 16 F.3d at 559-60, dictates that we find a live controversy here. The Swedeland court found one of several financing orders in a bankruptcy proceeding not moot on the grounds that funds under that order remained undistributed. See 16 F.3d at 561. Here, on the contrary, DIP funds

have been fully distributed in reliance on the financing agreement, and merit full § 364(e) protection.[5]

We also reject Boullioun's argument that an unresolved issue regarding a sanction of $4,000 in attorney fees saves this case from mootness.[6] The $4,000 sanction represents an award of attorney fees to the estate for expenses arising from issues relating to one of three aircraft leases. Precedent clearly indicates

---

[5]Contrary to Boullioun's contentions, the fact that <u>Swedeland</u> also addressed an appeal of denial of relief from the automatic stay under 11 U.S.C. § 362, <u>see</u> 16 F.3d at 567, is entirely irrelevant to the mootness of this case. Here, Boullioun clearly appeals the district court's substantive legal decision interpreting 11 U.S.C. §§ 365 and 1110. Boullioun does not appeal the denial of a motion under § 362(d).

[6] This sanction stems from proceedings involving the third of Boullioun's aircraft, eventually leased to Olympic Airways of Greece. When, on March 10, 1998, the district court ruled that § 1110 ceases to apply once a debtor in possession agrees to perform aircraft lease obligations and cures initial defaults, Boullioun had already sold two of its aircraft in reliance on a prior lease rejection order by the bankruptcy court. Boullioun was in the process of leasing the third aircraft to Olympic Airways. Following the district court's March 10 order, on April 30, 1998, the bankruptcy court upheld the earlier rejection order as to the two aircraft already sold, but vacated its earlier rejection order as to the third aircraft.

Subsequently, on August 24, 1998, the bankruptcy court again deemed WestPac's lease of the third aircraft rejected, and validated the lease to Olympic Airways. However, the bankruptcy court ruled that Boullioun had violated the automatic stay by obtaining the replacement lease of the third aircraft following the April 30 order, and that the Estate was entitled to compensation for the attorney fees incurred by WestPac relating to the third aircraft. This amount was subsequently fixed at $4,000.

By order dated February 16, 1999, the bankruptcy court approved a settlement between Boullioun and the trustee regarding the amount and priority of Boullioun's claims. The settlement provided "that Boullion shall pay the Trustee the sum of $4,000 in accordance with the August 24, 1998 Order, subject to refund if the Tenth Circuit rules there was no stay violation." In re Western Pacific Airlines, Inc., Case No. 97-24701 SBB at 2 (Bankr. D. Colo. Feb. 16, 1999).

that "an interest in attorney's fees is insufficient to create an Article III case or controversy where a case or controversy does not exist on the merits of the underlying claim." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348, n.4 (10th Cir. 1994) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990)). Under Bankruptcy Code § 364(e), an interest in attorney fees cannot save a case from mootness where no possibility of relief exists with regard to the underlying dispute. Given § 364(e), Boullioun's repossession of its aircraft, and the parties' settlement of Boullioun's remaining claims, we cannot grant Boullioun any effective relief on its claims regarding the underlying dispute. Thus we conclude that the potential refund of $4,000 in attorney fees is insufficient to create a live controversy. See Lewis, 494 U.S. at 480; cf. In re Osborn, 24 F.3d at 1204 (declining to hold case moot under 11 U.S.C. § 363(m) when possible relief is available under state law).

In its reply brief, Boullioun also argues that our resolution of the lease assignment issue will have legal consequences in pending bankruptcy court litigation regarding certain tax claims. Although its argument is unclear, Boullioun apparently contends that reversal of the order holding § 1110 inapplicable would shield its security deposits from the property tax claims at issue in the pending adversary proceeding. This possible consequence does not save this case from mootness. Potential collateral consequences in a separate

adversary proceeding do not obviate our inability, under § 364(e), to fashion meaningful relief on Boullioun's underlying claim regarding § 1110. The only way to grant Boullioun the relief it seeks in the lease assignment appeal, and thereby the collateral relief it seeks in the tax proceeding, is for us to invalidate the district court's unstayed decision in the financing order permitting assignment of the leases to Boullioun's aircraft. This, as stated above, is relief we cannot grant under § 364(e). Boullioun fails to point us to any other provision of the Bankruptcy Code or state law that would permit us to fashion a remedy that would not disturb the validity of the financing and terms of its collateralization. Compare In re Clinton Street Food Corp., 170 B.R. at 220 (holding that remedy modifying terms of collateralization is barred by § 364(e) absent stay, and therefore appeal is moot) with In re Osborn, 24 F.3d at 1204 (appeal is not moot under § 363(m) where state law may afford some alternative relief that would not affect the validity of a sale). We do not question Boullioun's assertion that this appeal might have possible economic implications for it in the tax proceeding, but such potential implications do not change the fact that because of § 364(e), we cannot provide Boullioun the relief it seeks. See Church of Scientology, 506 U.S. at 12-13.

**B**

We turn to appellees' claim that the repossession appeal, No. 98-1214, is moot. At issue here is the district court's March 10, 1998, decision that Boullioun was not entitled, pursuant to its lease agreements and 11 U.S.C. § 1110, to repossess its aircraft despite WestPac's lease default following its prior cure of defaults and entry into a § 1110(a) agreement.[7] See In re Western Pacific Airlines, Inc., 219 B.R. 305, 309-10 (D. Colo. 1998). The district court reaffirmed this ruling on May 1, 1998. See In re Western Pacific Airlines, Inc., 221 B.R. 1, 5 (D. Colo. 1998). The question for us is whether Boullioun was allowed to repossess its planes upon WestPac's default. Because Boullioun has retrieved all three of its planes, appeal of this issue is moot as well. See Anderson, 3 F.3d at 1384.

**III**

Having concluded that Boullioun's appeals are moot, we must decide whether to vacate the decisions below. When a case becomes moot while on appeal, we generally vacate the judgment below and remand with a direction to dismiss. See United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950). Vacatur, however, is an equitable remedy, see United States Bancorp Mortgage

---

[7]As noted above, the bankruptcy court ruled in February of 1998 that WestPac's lease defaults entitled Boullioun to repossess its aircraft pursuant to § 1110.

Co. v. Bonner Mall Partnership, 513 U.S. 18, 24-29, and a key consideration in determining its appropriateness is whether the party seeking vacatur caused the mootness through voluntary action, see id. at 24.

Boullioun urges us to vacate the bankruptcy court's December 4, 1997 order[8] and the district court's January 12, 1998 order[9] should we conclude, as we have, that Boullioun's assignment appeal, No. 98-1018, is moot. Boullioun argues that vacatur would free it from the preclusive effect of the lower court decisions regarding future assignment of Boullioun's aircraft leases. Appellees urge us not to vacate the decisions at issue in this appeal, based on their concern that such a decision could create unforseen problems by complicating repayment issues, and could undermine actions taken in reliance on the financing order by parties who are not involved with this suit.

Considering the equities and the public interest, see United States Bancorp Mortgage Co., 513 U.S. at 24-26, we conclude that vacatur would be inappropriate here. The decisions allowing assignment of Boullioun's leases, including the bankruptcy court's order of December 4, 1997, are closely linked to the authorization of the post-petition financing, and many parties, including

---

[8]In this order the bankruptcy court denied Boullioun's motion for relief under § 1110.

[9]This decision dismisses as moot Boullioun's appeal of the bankruptcy court's order authorizing the DIP financing.

parties not before us in this action, have taken steps in reliance on that authorization. Our concern about the effect of vacatur on these parties, and our recognition of appellants' contribution to the mootness of this appeal by failing to seek a stay of the post-petition financing order pursuant to 11 U.S.C. § 364(e), and by repossessing and selling or re-leasing its aircraft, see United States Bancorp Mortgage Co., 513 U.S. at 24-25, persuade us that we should not vacate the orders at issue in this appeal.

Considering the equities in No. 98-1214, see United States Bancorp Mortgage Co., 513 U.S. at 24-26, we decline to grant vacatur of the decisions underpinning this appeal as well. By retrieving the three planes as to which repossession rights were at issue in this action, Boullioun has voluntarily mooted this appeal. See id. Therefore, we decline to exercise our equitable power to vacate.

**IV**

While we decline to vacate the decisions below, our opinion should not be read as an affirmance of the underlying decisions on the merits. We note, moreover, that many of these issues remain unresolved at the circuit level. They must await a live, redressable controversy for resolution by this court. These appeals are **DISMISSED**.