**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN ADKINS, JR.;
SHANNA ADKINS,

      Appellants,

v.

F. WAYNE ELGGREN, trustee;
DONALD R. WOOD; FEDERAL
LAND BANK ASSOCIATION OF
UTAH; AMRESCO; FUR BREEDERS
AGRICULTURAL COOPERATIVE;
QUALITY STONE,

      Appellees.

No. 00-4142
(D.C. No. 00-CV-35-B)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Chapter 11 debtors John and Shanna Adkins appeal from an order of the district court dismissing as moot their appeal from a bankruptcy court order. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and affirms the district court's dismissal.

BACKGROUND

The parties are familiar with the facts and we only briefly repeat them here. Pursuant to an approved liquidating plan of reorganization, the bankruptcy court entered an order approving the sale of estate property, Chalk Creek Ranch, under 11 U.S.C. § 363(b). The court expressly found that the purchaser was a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and that the sale was in the best interest of the estate under the approved reorganization plan. The sale was automatically stayed for ten days pursuant to Fed. R. Bankr. P. 6004(g), until December 13, 1999.

On December 13, the debtors filed an appeal of the bankruptcy court's order in district court and filed a motion for stay pending appeal in bankruptcy court. The stay hearing was not scheduled until December 15, 1999; thus, the automatic stay expired. On December 14, the trustee sold the property, the trustee's deed and the bankruptcy court's order approving the sale were recorded,

the purchase price was paid into the bankruptcy estate, and the trustee disbursed funds from the sale. At the stay hearing, the bankruptcy court ruled there was no basis to grant a stay pending appeal. It concluded the appeal was moot since the property had been sold and, on the merits, there was no likelihood of success on appeal because the trustee had a duty to sell the property under the liquidating plan of reorganization and obtained a good price for the property, and any stay would not be in the public interest because it would delay payments to the creditors. In June 2000, the district court dismissed the appeal as moot under 11 U.S.C. § 363(m).

## ANALYSIS

"We review legal determinations by the bankruptcy court de novo, while we review its factual findings under the clearly erroneous standard." *Osborn v. Durant Bank & Trust Co. (In re Osborn)*, 24 F.3d 1199, 1203 (10th Cir. 1994). Where a sale of property has been approved by the bankruptcy court under 11 U.S.C. § 363(b), a party must obtain a stay of the sale or else any appeal of the approval will become moot. *See* 11 U.S.C. § 363(m); *Tompkins v. Frey (In re Bel Air Assocs., Ltd.*), 706 F.2d 301, 304-05 (10th Cir. 1983) (applying predecessor Bankruptcy Rule 805). An exception exists if it is possible for the bankruptcy court to grant some measure of effective relief that does not affect the validity of the sale. *In re Osborn*, 24 F.3d at 1203-04.

-3-

This court agrees with the district court that the debtors' appeal is moot. The debtors failed to obtain a stay of the bankruptcy court's order prior to the sale. The debtors claim that the bankruptcy court denied the stay based on representations from the trustee that the sale of the property had closed the previous day. They claim the property was not validly sold at the time of the stay hearing because the trustee's deed was not properly recorded on December 14, 1999. This argument lacks merit.

The bankruptcy court denied the stay not only because of the sale, but also because it found no likelihood of success on the merits of the appeal. Further, contrary to debtor's claim, the legal description of the Chalk Creek Ranch property was included in the documents submitted and accepted for recording on December 14, 1999. *See* Utah Code Ann. § 57-3-105 (requiring that legal description of real property be included with documents presented for recording). Moreover, under Utah law, "[w]hether or not recorded, a conveyance is valid as between the parties to it and as against those with notice of it." *Johnson v. Higley,* 989 P.2d 61, 69 (Utah Ct. App. 1999); *see also* Utah Code Ann. § 57-3-102(3). Thus, it is clear the Chalk Creek Ranch property was validly sold on December 14, 1999.

Debtors' next argument, that the court should not apply § 363(m) because it works an overly harsh result in this case, also lacks merit. Under the very terms

of § 363(m), it is irrelevant whether the trustee or purchaser had knowledge of or anticipated the debtors' pending appeal at the time of the sale.  Further, this court finds no authority, and debtor cites none, for ignoring the requirements of § 363(m), which are jurisdictional in nature, simply because it works a harsh result.  *United Mine Workers of Am. Combined Fund v. CF & I Fabricators of Utah, Inc* . (*In re CF & I Fabricators of Utah, Inc* .), 169 B.R. 984, 990 (D. Utah 1994) ("[A] lack of mootness is a jurisdictional requirement to any federal case or controversy.").

We do not address debtors' remaining arguments, that the purchaser was not a good faith purchaser of the property, making § 363(m) inapplicable, or that the bankruptcy court could have provided some measure of effective relief by allowing the debtors to seek damages against the trustee for breach of his fiduciary duty to the estate.  Debtors raised neither argument to the district court, and it is well established that this court will not consider arguments or claims not presented to the court below.  *See, e.g, Walker v. Mather* (*In re Walker* ), 959 F.2d 894, 896 (10th Cir. 1992).

The trustee's motion to dismiss this appeal is DENIED.  The order of the United States District Court for the District of Utah dismissing the bankruptcy appeal is AFFIRMED.

                                              Entered for the Court


                                              Michael R. Murphy
                                              Circuit Judge