In re Phyllis L. CROWDER, Debtor.

Charles L. Crowder and Phyllis
L. Crowder, Appellants,

v.

Bernard R. Given, II, Trustee, United States Trustee, Verde Group, Elizabeth Bartley, Rust Tractor, Dona Ana County, City of Sunland Park, Catalina, Paseo Del Norte Limited Partnership, Santa Teresa Associates Limited Partnership, and Gardner Turf Grass, Inc., Appellees.

BAP Nos. NM–04–006, NM–04–009.
Bankruptcy No. 7–96–10336–ML.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

June 21, 2004.

Allison Sipes, El Paso, TX, for Appellant.

Thomas Figart, Las Cruces, NM, Francis Ainsa, James Kirby Read, El Paso, TX, James B. Rubin, Santa Fe, NM, Douglas R. Vadnais, Modrall Sperling Roehl Harris & Sisk, PA, United States Trustee, Office of the United States Trustee, Robert H. Jacobvitz, Jacobvitz, Thuma & Walker, P.C., Robert J. Muehlenweg, Christopher Bauman, Gail Gotlieb, Sutin, Thayer & Brown, P.C., Victor E. Carlin, Albuquerque, NM, Elizabeth Bartley, Santa Teresa, NM, for Appellees.

Before CLARK, MICHAEL, and NUGENT, Bankruptcy Judges.

## ORDER DISMISSING APPEALS

PER CURIAM.

THIS MATTER comes before the Court pursuant to the Appellees' Joint Motion to Dismiss the Appeals for Mootness under 11 U.S.C. § 363(m) (the "Motion") filed March 19, 2004, by Bernard R. Given II, Verde Group Inc., Dona Ana County, New Mexico, Santa Teresa Associates, LP, and Rust Family, LLC (collectively the "Appellees") and the Appellants' Response to Appellees' § 363(m) Motion to Dismiss (the "Response") filed March 26, 2004, by Phyllis L. Crowder and Charles L. Crowder ("Ms. Crowder" and "Mr. Crowder," respectively, or "Appellants"). In the Motion, Appellees seek to have Appellants' appeals dismissed as moot under 11 U.S.C. § 363(m).[1] For the reasons given below, the Motion is granted.

## I. Background

On January 26, 1996, Ms. Crowder filed a voluntary petition for relief under Chap-

---

1. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

ter 11 of the United States Bankruptcy Code. In Schedule B of the schedules filed in the case, Ms. Crowder listed, among other things, a joint interest in certain water rights located in Santa Teresa, New Mexico. After many failed attempts to confirm a plan of reorganization, Ms. Crowder's Chapter 11 case was converted to Chapter 7 on June 4, 1999. Bernard R. Given II ("Mr. Given") was appointed to serve as trustee in the case.

On November 7, 2003, Mr. Given filed a motion with the bankruptcy court (the "Sale Motion") seeking approval to sell a portion of Ms. Crowder's interest in the water rights to Verde Group Inc. ("Verde"), a real estate developer. The Sale Motion made express reference to the authority to sell property outlined in § 363(b). Under the terms of the Sale Motion, Mr. Given would sell 18,773 acre-feet of Mendenhall water rights free and clear of liens and encumbrances for $6.4 million, or $340 per acre-foot. A number of parties, including Appellants, objected to the proposed sale. In her objection, Ms. Crowder argued that the proposed sale occurred in a closed market and that the proposed purchase price was below market value. Mr. Crowder argued that the proposed sale price was insufficient and that the sale would adversely affect other parties tied to the water rights.[2] Neither Ms. Crowder nor Mr. Crowder argued that the proposed sale was fraudulent or that Mr. Given and Verde colluded in reaching the terms of the sale, nor did either of the objections make any overt reference to the status of Verde as a good faith purchaser.

On December 19 and 23, 2003, the bankruptcy court held a hearing on the Sale Motion at which it received evidence and heard argument from the parties. Neither of the Appellants made any reference to § 363(m) of the Bankruptcy Code during these proceedings. On December 30, 2003, the bankruptcy court made its findings of fact and conclusions of law on the record in open court and granted the Sale Motion. On the basis of the record before it, the bankruptcy court found that the marketing of the water rights, given their unique nature, was sufficient and that the proposed purchase price was reasonable. The bankruptcy court also found that the negotiations leading to the sale of the water rights were at "arm's length" and that no member of Verde was previously connected to Mr. Given. The bankruptcy court specifically found that Verde was a good faith purchaser for purposes of § 363(m).

While the court failed to make detailed findings supporting its finding of good faith under § 363(m), the conclusion is amply supported by the record. Franklin L. Brown, Jr. ("Mr. Brown"), an expert witness on the valuation of water rights in New Mexico, testified at the hearing about the water rights being sold to Verde and concluded that the proposed purchase price was reasonable. Mr. Brown used various economic models, including the comparable sales model and the present value model, to appraise the value of the water rights at issue. Under the present value model, Mr. Brown appraised the water rights at $6.7 million, or roughly $357 per acre-foot. Under the comparable sales model, Mr. Brown found that selling the water rights for $340 per acre-foot was consistent with previous sales; finding that similar water rights had previously sold for $333 per acre-foot. Neither Ms. Crowder nor Mr. Crowder presented evidence

---

**2.** Mr. Crowder is the ex-husband of Ms. Crowder and is a joint interest holder of the water rights at issue.

to controvert Mr. Brown's expert testimony. Indeed, with the exception of Mr. Crowder, who testified at the hearing, neither party presented any witnesses, expert or otherwise, to support their position that the purchase price was insufficient.

The record also supports the bankruptcy court's conclusions that the negotiations between Mr. Given and Verde were held at "arm's length." Both Mr. Given and Ron Blankenship, co-chairman of Verde, testified that they were not connected in any way. They also testified that the sales negotiations for the water rights were intense, with several offers and counteroffers, before reaching the final agreement. Neither of the Appellants presented any evidence to controvert this testimony.

On December 31, 2003, the sale of the water rights closed, and Verde paid Mr. Given the $6.4 million purchase price. Unhappy with this result, Mr. Crowder and Ms. Crowder filed separate appeals of the order granting the sale on January 8 and January 20, 2004, respectively. The order approving the Sale Motion was never stayed.

## II. Discussion

On appeal, Appellants question Verde's good faith purchaser status. In the Motion, Appellees contend that Ms. Crowder and Mr. Crowder failed to argue the issue of good faith at the trial level and cannot raise the issue on appeal. Alternatively,

Appellees argue that even if the issue has been properly preserved for review, the bankruptcy court's finding of good faith is supported by the record in the case.

 Section 363(m) limits appellate review of sales from a bankruptcy estate to third party purchasers. The statutory language states:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.[3]

The statute embodies the concepts of finality, jurisdiction and mootness. Insuring the finality of a bankruptcy sale protects a good faith purchaser's investment by minimizing litigation and increases the price that the purchaser is willing to pay for the property, maximizing the benefit to the estate.[4] As to jurisdiction, property interests of the bankruptcy estate are within the exclusive jurisdiction of the bankruptcy court; but the court's jurisdiction typically lapses when the property leaves the estate,[5] including property that has been removed by sale under § 363 of the Bankruptcy Code.[6] In most cases,[7] § 363(m)

---

**3.** 11 U.S.C. § 363(m).

**4.** *In re Osborn*, 24 F.3d 1199, 1203 (10th Cir.1994); *accord In re Sax*, 796 F.2d 994, 998 (7th Cir.1986); *see also In re UNR Indus., Inc.*, 20 F.3d 766, 769–70 (7th Cir.1994).

**5.** *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir.1990) ("A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case. When property leaves the bankruptcy estate, however, the

bankruptcy court's jurisdiction typically lapses, and the property's relationship to the bankruptcy proceeding comes to an end." (citations omitted)); *see also In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir.1987).

**6.** *See, e.g., In re Bel Air Assocs., Ltd.*, 706 F.2d 301, 304–05 (10th Cir.1983) (decided under predecessor to § 363(m)); *see also In re Edwards*, 962 F.2d 641, 642–44 (7th Cir.1992) (holding that bankruptcy court lacked jurisdiction to determine a creditor's rights in property that was sold out of the estate); *In re*

renders the appeal of an order authorizing a § 363(b) sale moot if the appellant fails to obtain a stay pending appeal and the sale is made to a good faith purchaser.[8] The appeal is moot because the appellate court cannot affect the validity of the authorized sale and, therefore, it cannot fashion any meaningful relief.[9]

 Section 363(m) does not apply where the purchaser did not act in good faith.[10] Appellants maintain that such is the case before us. However, they have failed to properly mount such a challenge. In order to challenge a purchaser's good faith status on appeal, a party must have first raised the issue before the bankruptcy court.[11] It is well settled that an appellate court will not entertain an issue that was not first presented to the trial court.[12] In this instance, Ms. Crowder and Mr. Crowder failed to do so. The first time that Ms. Crowder and Mr. Crowder argued Verde's lack of good faith was at the appellate level. Appellants neglected, in both their written objections to the Sale Motion and in their arguments at the evidentiary hearing, to specifically allege Verde's lack of good faith to the bankruptcy court. In the face of such a failure, we are not required to consider the matter for the first time on appeal.

Appellants argue, however, that objecting to the elements of good faith is tantamount to objecting to good faith itself. The only real objection advanced by either party was that the sale price was insufficient. While sale price is an element to be considered in determining the presence or lack of good faith under § 363(m), a mere allegation that a sale price was not sufficient is not enough to create or preserve a § 363(m) issue for appellate review.[13] The United States Court of Appeals for the Tenth Circuit has noted that when "'a litigant changes to a new theory on appeal that falls under the same general category

*FedPak Systems, Inc.*, 80 F.3d 207, 213–15 (7th Cir.1996) (holding that bankruptcy court lacked jurisdiction to "clarify" an order involving property sold out of the bankruptcy estate).

7. In *Osborn*, 24 F.3d at 1204, the United States Court of Appeals for the Tenth Circuit stated that "where state law or the Bankruptcy Code provides remedies that do not affect the validity of the sale, § 363(m) does not moot the appeal." *Accord In re BCD Corp.*, 119 F.3d 852, 856 (10th Cir.1997). This exception to § 363(m) does not apply in this appeal because Appellants attack the validity of the sale of the water rights to Verde, and they have not asserted any remedies that would not affect the validity of the sale.

8. *See, e.g.*, *BCD Corp.*, 119 F.3d at 856; *Osborn*, 24 F.3d at 1203–04; *In re Broadmoor Place Investments, L.P.*, 994 F.2d 744, 746 (10th Cir.1993); *Bel Air*, 706 F.2d at 304–305; cf., *In re Western Pacific Airlines, Inc.*, 181 F.3d 1191, 1195 & n. 3 (10th Cir.1999) (applying § 363(m) case law to analyze § 364(e), a provision similar to § 363(m)).

9. *See generally Church of Scientology v. United States*, 506 U.S. 9, 12–13, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (a case is moot when it becomes "impossible for the court to grant any effectual relief whatever to the prevailing party.") (internal quotations omitted); *accord Western Pacific*, 181 F.3d at 1195; *Osborn*, 24 F.3d at 1204; *In re Long Shot Drilling, Inc.*, 224 B.R. 473, 477–479 (10th Cir. BAP 1998) (citing cases).

10. *See Raskin v. Malloy*, 231 B.R. 809, 817 (N.D.Okla.1997), aff'd without published opinion, 172 F.3d 63 (10th Cir.1999).

11. *See In re Rodriquez*, 258 F.3d 757 (8th Cir.2001); *In re Ginther Trusts*, 238 F.3d 686 (5th Cir.2001).

12. *Employers Reinsurance Corp. v. Mid-Continent Casualty Co.*, 358 F.3d 757, 769 (10th Cir.2004) (quoting *Hynes v. Energy West, Inc.*, 211 F.3d 1193, 1201–02 (10th Cir.2000)).

13. *Bel Air*, 706 F.2d at 305 and n. 12 (10th Cir.1983) (requiring that a purchaser give "value" for the property to be considered a good faith purchaser).

as an argument presented at trial' or presents 'a theory that was discussed in a vague and ambiguous way,' the theory will not be considered on appeal." [14] We conclude that the objections to the purchase price raised by Appellants at the trial level do not entitle them to challenge Verde's good faith status on appeal.

▇▇▇ Were this Court to reach the issue, we find ample support for the ruling of the bankruptcy court that Verde is a good faith purchaser for purposes of § 363(m). A bankruptcy court's determination of good faith under § 363(m) is reviewed under the clearly erroneous standard.[15] "A factual finding is clearly erroneous when it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made." [16]

▇▇▇ In order to obtain good faith status under § 363(m), a purchaser must (i) buy the property without "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders" and (ii) pay "at least 75% of the appraised value of the assets." [17] The record in the case amply supports a finding that Verde has met both elements of good faith under § 363(m) and is entitled to the full protection that the statute provides.

There is no evidence of fraud or collusion between Verde and Mr. Given, or between Verde and other bidders. The only mention of collusion was made by George M. Moore, counsel for Mr. Crowder, in his questioning of Mr. Given regarding Verde's ability to obtain a permit for the water rights from the state of New Mexico within 60 days of negotiating the sale when Mr. Given had failed to obtain such a permit after trying for a number of years. Statements of counsel are not evidence; even if they were, the statements made by Mr. Moore would not render the findings of the bankruptcy court clearly erroneous.

The evidence also shows that Verde paid at least 75% of the appraised value of the water rights. Under the terms of the agreement, Mr. Given would sell 18,773 acre-feet of Mendenhall water rights free and clear of liens and encumbrances for $6.4 million, or $340 per acre-foot. Mr. Brown, an expert witness, gave his opinion that the water rights had a value of $6.7 million, or $357 per acre-foot, under a present value analysis. In addition, Mr. Brown found at least one comparable sale that comported with the price of the water rights per acre-foot. Mr. Brown's expert opinion concerning the value of the water rights constitutes evidence that the bankruptcy court was free to consider.[18]

Appellants failed to present any evidence to refute Mr. Brown's testimony or offer up their own expert witness. Instead, counsel for both parties tried to

14. Bancamerica Comm. Corp. v. Mosher Steel of Kan., Inc., 100 F.3d 792, 798–99 (10th Cir.1996) (quoting Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 722 (10th Cir.1993)).

15. Bel Air, 706 F.2d at 305; In re Southwest Products, Inc., 144 B.R. 100, 102 (9th Cir. BAP 1992).

16. In re Miller, 284 B.R. 734, 737 (10th Cir. BAP 2002) (citations and quotations omitted).

17. Bel Air, 706 F.2d at 305 and nn. 11–12 (citations and quotation omitted) (interpreting Fed. R. Bankr.P. 805, predecessor to § 363(m)).

18. See Quinton v. Farmland Indus., Inc., 928 F.2d 335, 337–38 (10th Cir.1991) ("It is a truism that 'an expert's opinion or interpretation of evidence is itself evidence.'") (quoting Rodriguez v. Olin Corp., 780 F.2d 491, 496 (5th Cir.1986)).

impute higher values through questions on cross-examination of Mr. Brown. Once again, the phrasing of a question on cross-examination is not a substitute for admissible evidence. There is no evidence in the record that would defeat the bankruptcy court's conclusion that Verde was a good faith purchaser under § 363(m).

## III. Conclusion

Appellants have failed to preserve any issue regarding § 363(m) for review. Even if the issue were properly raised, the bankruptcy court's conclusion that Verde is entitled to the protections of § 363(m) is not clearly erroneous. Under either scenario, this appeal is rendered moot by the provisions of § 363(m). Accordingly,

IT IS HEREBY ORDERED that the Appellees' Joint Motion to Dismiss the Appeals for Mootness under 11 U.S.C. § 363(m) filed March 19, 2004, by Bernard R. Given II, Verde Group Inc., Dona Ana County, New Mexico, Santa Teresa Associates, LP, and Rust Family, LLC, be, and the same hereby is, granted.

IT IS FURTHER ORDERED that Phyllis L. Crowder's appeal, designated as BAP No. NM–04–006, and Charles L. Crowder's appeal, designated as BAP No. NM–04–009, be, and the same hereby are, dismissed with prejudice.